MATTER OF WOLF

In Section 212(c) Proceedings

A-7242325

*Decided by Board February 7, 1968*

The discretionary power conferred upon the Attorney General under section 212(c) of the Immigration and Nationality Act does not encompass the author- ity to grant an unlimited and absolute waiver of excludability. However, in view of applicant's necessity, as owner of a company, to make frequent short business trips outside the United States, the discretionary authority contained in section 212(c) is exercised to authorize his readmission to the United States from time to time after temporary visits abroad, over a period of 3 years, notwithstanding his inadmissibility under section 212(a)(22) of the Act.

ON BEHALF OF SERVICE: Irving A. Appleman
Appellate Trial Attorney

The case comes forward on appeal from the decision of the District Director, Detroit District, rendered on September 26, 1967, wherein he denied applicant's application for advance permission to return to a lawful unrelinquished domicile under the provisions of section 212(c), Immigration and Nationality Act (8 U.S.C. 1182(c)).

Applicant is a 41-year-old married male alien, a native and citizen of Germany who was admitted to the United States for permanent residence on July 14, 1949. He has a United States citizen wife and three United States citizen children.

On July 30, 1963 the United States District Court for the Eastern District of Michigan denied applicant's petition for naturalization on the basis that he was barred from citizenship by section 315(a), Im- migration and Nationality Act (8 U.S.C. 1426)[1] because he was an alien who was relieved from training and service in the Armed Forces of the United States because of alienage. Prior to this, in 1951 appli-

---

[1] "Sec. 315. (a) Notwithstanding the provisions of section 405(b) any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States."

cant had executed at his local draft board Form SSS 130, Application by Alien for Relief from Training and Service in the Armed Forces. Applicant at the time he applied for citizenship contended that his action in signing this form should not have barred him from citizenship because he did not realize the significance of his action. In this appeal, he still makes this contention; however the whole question was put to rest by the District Court decision on July 30, 1963.

Applicant being barred from citizenship by section 315(a), is thus excludable from the United States by section 212(a)(22) Immigration and Nationality Act (8 U.S.C. 1182(a)(22).) [2] However, section 212(c), Immigration and Nationality Act (8 U.S.C. 1182(c)) [3] gives the Attorney General discretion to allow a permanent resident alien to voluntarily depart and come back to an unrelinquished domicile of seven years. Prior to the present application for advance permission applicant had been granted such permission on three occasions. However, his current application requests that he be granted blanket permission to depart and return to the United States on an unlimited basis, without having to specify dates of departure and return. The District Director denied such request. We deem that the denial was proper.

If blanket permission was given for unlimited reentries this would in effect be granting an unlimited and absolute waiver of applicant's excludability under section 212(a)(22). We do not believe that section 212(c) confers upon the Attorney General any such broad authority. His discretionary power under this section to grant relief does not encompass the authority to grant an unlimited waiver of excludability.

The record shows applicant's business interests are such that they require him to make rather frequent short trips outside the United States, principally to Canada. He is the owner of a company employing a number of persons and it appears quite clear that the future expansion and prosperity of the company will depend a great deal upon applicant's ability to make trips to other countries. It appears that a large percentage of his business involves foreign trade and commerce.

---

[2] "Sec. 212(a) Except as otherwise provided in this Act the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States . . . (22) Aliens who are ineligible to citizenship, except aliens seeking to enter as nonimmigrants . . ."

[3] "Sec. 212(c) Aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful, unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraph (1) through (25) . . ."

This being the case we will direct the District Director, over the period of the next three years, to authorize applicant to enter the United States from time to time after temporary visits abroad, despite his inadmissibility under the provisions of section 212(a)(22). At the end of the three year period applicant could then further petition for an extension of similar discretionary relief.

**ORDER:** It is ordered that for a period of three years applicant be authorized under section 212(c) Immigration and Nationality Act (8 U.S.C. 1182(c)) to enter the United States from time to time after temporary visits abroad, despite his inadmissibility under section 212(a)(22) Immigration and Nationality Act (8 U.S.C. 1182(a)(22).)